TEETERS ET AL. *v.* DOUGHERTY ET AL.

[No. 15,821. Filed March 7, 1938.]

*Charles B. Clarke, Walter C. Clarke* and *Ernest T. Brown,* for appellants.

*Russell Dean* and *William C. Erbecker,* for appellees.

PER CURIAM—This was an action instituted by appellees Frank Dougherty and John J. Berlier against appellants and appellees Lee Dove, Pountius Blaine and Wood M. Despain for an injunction restraining the defendants from obstructing a roadway.

The complaint consisted of two paragraphs, the first praying such injunction, and the second praying that plaintiffs' alleged title to an easement over said roadway be quieted.

The court issued a temporary restraining order prohibiting the defendants from obstructing said roadway. One of the defendants filed a motion to dissolve the temporary restraining order. The issues so presented were submitted to the court for trial by the court and the court made a special finding of facts and stated conclusions of law thereon, which were favorable to the plaintiffs, and rendered judgment in accordance with the conclusions of law that the defendants be perpetually enjoined from obstructing said roadway.

Appellants filed a motion to modify the judgment, which motion was overruled, and thereafter appellants filed a motion for new trial which was overruled.

Appellants assign as error on appeal alleged error in (1) each of the conclusions of law; (2) overruling the motion to modify the judgment; (3) overruling the motion for new trial.

Under the heading "Points and Authorities" in appellants' brief we find the following:

"That the Marion Superior Court erred in overruling the motion for a new trial.
"A. That the decision of the court is not sustained by sufficient evidence.
"B. That the decision of the court is contrary to law.
"C. That special findings of the court numbered 2, 4, 8, 9, 10 are not sustained by the evidence.
"The evidence does not show a highway by dedi-

cation, prescription or necessity. There was therefore no highway and no obstruction of one.

"The land of appellants having never become a highway, appellants violated no rights of appellees.

"The conclusions of law are based upon unsustained facts and cannot stand, and the judgment on said conclusions is erroneous."

Following that are four legal points numbered consecutively, each with authorities, but no reference is made, under any of said points, to the assigned error, or assigned cause for new trial, which said points are intended to support. No application is made, under said heading, of any of said points to the instant case. The assignments are not "separately considered."

That does not constitute a compliance with rule twenty-one, clause six, of this court, adopted November 1, 1933, which governs this appeal. Pursuant to the provision of said rule that assigned errors not treated as prescribed in the rule "shall be deemed as waived," we deem all the errors assigned in this cause as waived.

The judgment is therefore affirmed.

NOTE: See rule eighteen, clause six, adopted June 21, 1937, in this connection.